**TRENK, DiPASQUALE,
DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
(973) 243-8600
Anthony Sodono, III
Shoshana Schiff
*Proposed Counsel to NJ Healthcare Facilities
Management LLC, Debtor and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NJ HEALTHCARE FACILITIES MANAGEMENT LLC a/k/a NEW JERSEY HEALTH CARE FACILITIES MANAGEMENT LLC d/b/a ADVANCED CARE CENTER AT LAKEVIEW, | Case No. 15-14871 (VFP) |
| | Honorable Vincent F. Papalia |
| Debtor. | |

**APPLICATION IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER (A) AUTHORIZING DEBTOR TO CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS; AND (B) GRANTING A WAIVER OF THE DEPOSIT GUIDELINES SET FORTH IN SECTION 345 OF THE BANKRUPTCY CODE**

**TO:   THE HONORABLE VINCENT F. PAPALIA
       UNITED STATES BANKRUPTCY JUDGE**

NJ Healthcare Facilities Management LLC a/k/a New Jersey Health Care Facilities Management LLC d/b/a Advanced Care Center at Lakeview, the Chapter 11 debtor and debtor-in-possession herein (the "Debtor"), by and through its proposed counsel, Trenk, DiPasquale, Della Fera & Sodono, P.C., respectfully moves (the "Motion") before this Court for an order, pursuant to sections 105(a), 363(c), and 345(b) of the Bankruptcy Code, (a) authorizing the Debtor to continue using its existing cash management system, bank accounts, and business

forms; (b) granting a waiver of the deposit guidelines set forth in section 345 of the Bankruptcy Code; and (c) granting such other relief as this Court deems just and equitable. In support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 363(c), and 345(b) of the Bankruptcy Code.

## PROCEDURAL BACKGROUND

1. On March 19, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

2. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in this case.

3. Additional background facts surrounding the commencement of this Chapter 11 Case are more fully described in the *Certification of Linda Bowersox, Debtor's Managing Member, in Support of First Day Matters*, which is filed simultaneously herewith.

## RELIEF REQUESTED

4. By this Motion, the Debtor respectfully requests entry of an order (a) authorizing it to continue using its existing consolidated cash management system, bank accounts, and business forms; (b) granting a waiver of the deposit guidelines set forth in section 345 of the Bankruptcy Code; and (c) granting such other relief as this Court deems just and equitable.

5.     To supervise the administration of Chapter 11 cases, the Office of the United States Trustee (the "United States Trustee") has established certain operating guidelines for debtors-in-possession. Those guidelines require Chapter 11 debtors, inter alia, to (1) close all existing bank accounts and open new debtor in possession bank accounts; (2) establish one debtor in possession account for all estate monies required for the payment of taxes, including payroll taxes; (3) maintain a separate debtor in possession account for cash collateral; and (4) for all debtor in possession checking accounts, obtain checks bearing the designation "debtor in possession," the bankruptcy case number, and the type of account. Those requirements are designed to provide a clearly defined boundary between a debtor's pre-petition and post-petition transactions and operations and prevent the inadvertent post-petition payment of pre-petition claims.

A.     **Request to Maintain Bank Accounts and Cash Management System**

6.     In the ordinary course of its operations, the Debtor maintains a cash management system (the "Cash Management System") to receive and disburse funds. In order to lessen the disruption caused by the bankruptcy filing, it is vital to the Debtor to maintain its existing system of managing cash.

7.     Many of the Debtor's vendors receive ACH payments automatically from the Debtor's bank accounts; and if that were to suddenly change, the disruption to the Debtor's operations could be dramatic. That could lead to a negative effect on patient care, which the Debtor wants to avoid at all costs.

8.     Currently, the Debtor has five (5) bank accounts (collectively, the "Bank Accounts"), maintained at three institutions. A complete list of the Bank Accounts is annexed as

**Exhibit A**.  Currently, none of the balances in the Bank Accounts exceeds the FDIC limit, although it is possible they will in the future.

9. In the ordinary course of its business, the Debtor receives, deposits, and issues checks, wire transfers, and ACH's into and out of the Bank Accounts.

10. The Cash Management System includes the necessary accounting controls to enable the Debtor as well as creditors and the Court to trace funds through the system and ensure that all transactions are adequately documented and readily ascertainable.  The Debtor maintains and will continue to maintain detailed and accurate accounting records reflecting all transfers of funds and the Debtor on whose behalf such funds are transferred.  The Debtor's cash management procedures are ordinary, usual, and essential business practices.

    **B.**    **Request for Authorization to Maintain Existing Business Forms**

11. By this Motion, the Debtor also seeks authority to continue to use its prepetition business forms including, but not limited to, letterhead, invoices, checks, et cetera (collectively, the "Business Forms"), without reference to its status as a debtor-in-possession.  Requiring the Debtor to immediately print new business forms will be burdensome, expensive, and disruptive.

12. The Debtor submits that the authorization to use the Business Forms will facilitate a smooth and orderly chapter 11 case and minimize the disruption to its operations (without violating the policies underlying the Bankruptcy Code).  Accordingly, the Debtor requests that it be authorized to use its existing Business Forms without being required to label each with the "debtor-in-possession" identifier.

      C.      **Request for Waiver of Section 345 Guidelines**

13.      By this Motion, the Debtor seeks a waiver of the deposit guidelines set forth in section 345(b) of the Bankruptcy Code to permit it to maintain its existing Bank Accounts even though the operating account may, from time to time, exceed the amount insured by the FDIC.

**BASIS FOR RELIEF**

      A.      **Request to Maintain Bank Accounts and Cash Management System**

14.      The Debtor should be authorized to continue using its existing Bank Accounts and Cash Management System. The Debtor will work closely with its Banks ensure that appropriate procedures are in place so that checks issued prior to the Petition Date, but presented after the Petition Date, will not be honored absent approval from the Court. The Debtor will also maintain records of all transfers within the Cash Management System, so that all transfers and transactions will be documented in its books and records to the same extent such information was maintained by the Debtor prior to the Petition Date.

15.      Permitting the Debtor to use the existing Bank Accounts and Cash Management System is in the best interests of the Debtor's estate and its creditors and other interested parties. To require the Debtor to use new accounts would be disruptive to its operations and would impair its efforts to maximize the value of its estate for the benefit of its creditors and other parties-in-interest. Requiring the Debtor to adopt new, segmented cash management systems at this critical stage of its case would be expensive, would create unnecessary administrative burdens, and would be much more disruptive than productive. Moreover, having to open new accounts as of the Petition Date would unnecessarily distract the Debtor's key accounting and financial personnel whose efforts are more appropriately focused on ensuring Debtor's continuing financial stability so that patient care is not affected. Furthermore, any delays or

disruption in the payment of wages and other employee-related expenses resulting from changing bank accounts would erode employee morale at this critical time, an outcome that would severely hamper an ongoing chapter 11 case.

16.     Conversely, maintenance of the Debtor's prepetition Bank Accounts and Cash Management System would avoid delays in the payment of necessary expenses – such as payroll – and will ensure a smooth transition into chapter 11 without the inconvenience, cost, confusion, and delay associated with transferring cash management operations into new accounts. By allowing the continued use of its existing Bank Accounts and Cash Management System, the Debtor will have a reliable mechanism in place to manage the cash flow requirements of its operations. Accordingly, the Debtor respectfully requests authorization to maintain its Bank Accounts and Cash Management System in the ordinary course of its operations, provided that no prepetition checks, drafts, wire transfers, or other forms of tender that have not yet cleared the relevant drawee bank as of the Petition Date will be honored unless authorized by separate order of this Court.

17.     The Debtor also requests authority to preserve various reporting requirements and accounting mechanisms, such as signatory authorizations and accounting systems central to the maintenance of the Bank Accounts. The interruption or termination of such reporting and accounting mechanisms would undermine the utility of the Bank Accounts. In accordance with existing practices, the Debtor will maintain strict records of all receipts and disbursements from the Bank Accounts during the pendency of this chapter 11 case and will ensure that its records properly distinguish between prepetition and post-petition transactions.

18.     The Debtor submits that the relief requested herein is appropriate and well within this Court's authority. Allowing the Debtor to maintain its prepetition Bank Accounts and Cash

Management system will minimize the effect of this Chapter 11 cases on its business affairs without violating the policies of the Bankruptcy Code.  Doing so will enable the Debtor to operate in chapter 11 in a manner that maximizes value for its estate and creditors and is therefore in its best interests.

19. The Debtor's continued ordinary course use of its Cash Management System is consistent with section 363(c)(1) of the Bankruptcy Code, which allows a debtor in possession to "use property of the estate in the ordinary course of business."  In re Charter Co., 778 F.2d 617, 621 (11th Cir. 1985).

20. The Debtor should also be granted authority to maintain its existing Bank Accounts. The United States Trustee has established operating guidelines for debtors in possession in order to supervise the administration of Chapter 11 cases.  The Debtor seeks a waiver of the United States Trustee's guideline that requires the Bank Accounts to be closed and that new post-petition bank accounts be opened.  Subject to a prohibition against honoring prepetition checks without specific authorization from this Court, the Debtor requests that the accounts be deemed to be debtor-in-possession accounts, and that their maintenance and continued use, in the same manner and with the same account numbers, styles, and document forms as those employed during the prepetition period, be authorized.  The Debtor represents that if the relief requested in this Motion is granted, it will not pay, and its banks will be directed not to pay, any debts incurred before the Petition Date, other than as authorized by this Court.

      B.     **<u>Request for Authorization to Maintain Existing Business Forms</u>**

21. The Debtor should also be granted authority to continue using its existing Business Forms.  For the reasons set forth above, changing business forms at this critical, early stage of its chapter 11 case would be expensive and burdensome to the Debtor's estate.  See, e.g.,

In re Gold Standard Baking, Inc., 179 B.R. 98, 105-106 (Bankr. N.D. Ill. 1995) (holding United States Trustee's requirement prohibiting issuance of checks without "debtor in possession" designation to be enforceable); In re Johnson, 106 B.R. 623, 624 (Bankr. D. Neb. 1989) (debtors not always required to obtain new checks imprinted with "Debtor in Possession" legend). The Debtor proposes that in the event that it needs to purchase new Business Forms during the pendency of its chapter 11 case, such forms will include a legend referring to The Debtor's status as a debtor-in-possession.

### C. Request for Waiver of Section 345 Deposit Guidelines

22. The Debtor should also be granted waiver of the deposit guidelines contained in section 345 of the Bankruptcy Code. If The Debtor's account balances exceed the FDIC insurance limits, they nevertheless are maintained with a financially stable bank (which is also on the United States Trustee's approved list of depositories). Consequently, a waiver of the section 345 deposit guidelines pursuant to section 105(a) of the Bankruptcy Code would not pose a risk to the Debtor's estate or its creditors.

23. Section 345(a) of the Bankruptcy Code authorizes deposits of money, such as the Debtor's cash, in a manner that "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). For deposits that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code provides that the trustee must require a bond from the entity with which the money is deposited or invested in favor of the United States secured by the undertaking of an adequate corporate surety. Alternatively, the estate may require the entity to deposit securities of the kind specified in section 9303 of title 31, United States Code.

24. The Debtor maintains that a waiver of the deposit guidelines set forth in section 345 of the Bankruptcy Code is necessary to ensure its smooth transition into chapter 11 and should pose no risk to its estate or its creditors. The deposits at issue are safe because of the strength of the Debtor's banking institutions. Requiring the Debtor to change its deposits and other procedures abruptly could result in harm to the Debtor, its estate, and its creditors because it would disrupt the Debtor's Cash Management System. In addition, requiring the Debtor to open multiple accounts at different banks so that the deposits in each account would be insured by the FDIC would be unnecessarily burdensome and would prevent the Debtor's limited financial staff from focusing their undivided attention on the Debtor's primary function of maintaining crucial patient care.

25. For each of the foregoing reasons, the Debtor submits that a waiver of the deposit guidelines set forth in section 345(b) of the Bankruptcy Code to permit the Debtor to maintain deposit accounts that may from time to time exceed the amount insured by the FDIC is in the best interests of the Debtor, its estate, and its creditors.

## WAIVER OF BRIEF

26. As no novel issue of law is raised and the relevant authorities relied upon by the Debtor are set forth herein, it respectfully requests that the requirement of D.N.J. LBR 9013-2 of filing a brief be waived.

## NOTICE

27. No trustee, examiner, or committee of unsecured creditors has been appointed in the Debtor's Chapter 11 case. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Debtor's twenty largest unsecured creditors; (iii) counsel for the secured creditors; (iv) those parties who filed notices of appearance

and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002; and (v) all Banks listed on **Exhibit A**. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

28. No previous motion for the relief sought herein has been made to this or to any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form submitted herewith, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**TRENK, DiPASQUALE,
DELLA FERA & SODONO, P.C.**
*Proposed Counsel for NJ Healthcare Facilities Management LLC, Debtor and Debtor-in-Possession*

By: */s/ Anthony Sodono, III*
Anthony Sodono, III

Dated: March 20, 2015

# EXHIBIT A

# Debtor's Bank Accounts

| Bank Name and Address | Account Number Ending in | Account Type |
|---|---|---|
| Bank of America<br>709 Hamburg Turnpike<br>Wayne, NJ  07470 | 0339 | Operating |
| Bank of America<br>709 Hamburg Turnpike<br>Wayne, NJ  07470 | 8030 | Payroll |
| Bank of America<br>709 Hamburg Turnpike<br>Wayne, NJ  07470 | 8043 | Patient Needs |
| Valley National Bank<br>1455 Valley Road<br>Wayne, NJ  07470 | 4850 | Operating |
| Wells Fargo Bank<br>95 Route 17, S<br>Paramus, NJ  07652 | 1272 | Operating |

4823-5987-6130, v.  1