**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
(973) 243-8600
Anthony Sodono, III
Shoshana Schiff
*Proposed Counsel to NJ Healthcare Facilities*
*Management LLC, Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NJ HEALTHCARE FACILITIES MANAGEMENT LLC a/k/a NEW JERSEY HEALTH CARE FACILITIES MANAGEMENT LLC d/b/a ADVANCED CARE CENTER AT LAKEVIEW, | Case No. 15-14871 (VFP) Honorable Vincent F. Papalia |
| Debtor. | |

**APPLICATION IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 507(a)(4), AND 507(a)(5): (I) AUTHORIZING THE DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, WITHHOLDING, AND PAYROLL-RELATED TAXES FOR PRE-PETITION PERIODS; (II) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS; AND (III) AUTHORIZING THE DEBTOR TO HONOR WORKERS' COMPENSATION AND CERTAIN EMPLOYEE BENEFIT OBLIGATIONS**

**TO:    THE HONORABLE VINCENT F. PAPAPLIA**
       **UNITED STATES BANKRUPTCY JUDGE**

NJ Healthcare Facilities Management LLC a/k/a New Jersey Health Care Facilities Management LLC d/b/a Advanced Care Center at Lakeview, the Chapter 11 debtor and debtor-in-possession herein (the "Debtor"), by and through its proposed counsel, Trenk, DiPasquale, Della Fera & Sodono, P.C., respectfully moves (the "Motion") before this Court for an order (i) authorizing the Debtor to pay pre-petition wages, salaries, withholding, and payroll-related taxes

for pre-petition periods; (ii) directing all banks to honor pre-petition checks for payment of pre-petition employee obligations; and (iii) authorizing the Debtor to honor workers' compensation and certain employee benefit obligations, pursuant to Title 11 of the United States Code (the "Bankruptcy Code") sections 105(a), 507(a)(4), and 507(a)(5), and in support thereof respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

2. This matter is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. The Debtor filed its voluntary Chapter 11 petition on March 19, 2015 (the "Petition Date").

5. A history and description of the Debtor and its operations, together with the reasons for its Chapter 11 filing, are set forth in the certification of Linda Bowersox, the Debtor's Managing Member, filed in support of the Debtor's "first day" motions, which is incorporated herein as if set forth in its entirety.[1]

6. The Debtor employs 175 employees—105 full-time and 70 part-time. Employees are paid bi-monthly on the fifteenth (15th) and thirtieth (30th) of each month, and payroll is approximately $350,000 per pay period. Payroll services are provided by Paychex. Taxes are "swept" each pay period by Paychex and are submitted to the appropriate governmental agencies. The Debtor is current with all insurance coverage. The Debtor maintains the following bank accounts:

---

[1] The certification of Ms. Bowersox is filed simultaneously herewith.

2

| Name of Bank | Type of Account | Account Number Ending in |
|---|---|---|
| Bank of America | Operating | 8056 |
| Bank of America | Payroll | 8030 |
| Bank of America | Patient Needs | 8043 |
| Valley National Bank | Operating | 4850 |
| Wells Fargo Bank | Operating | 1272 |

7. No employee is owed wages exceeding the statutory limit of $12,475 under Bankruptcy Code section 507(a)(4); and no employee of the Debtor is paid an excessive salary.

## RELIEF REQUESTED AND BASIS THEREFOR

8. The continued and uninterrupted service of the Employees is essential to the Debtor's continuing operations. So as to minimize the personal hardship the Employees will suffer if pre-petition Employee-related obligations are not paid when due, and to maintain the Employees' morale during this critical time, the Debtor, by this Motion, seeks authority to: (i) pay all pre-petition Employee claims for wages, salaries, commissions, contractual compensation, sick pay, personal pay, holiday pay, other accrued compensation, withholding, and payroll-related taxes for pre-petition periods; (ii) directing all banks to honor pre-petition checks for payment of pre-petition employee obligations; and (iii) honor workers' compensation and certain employee benefit obligations (collectively, the "Employee Programs").

9. The Debtor also (i) requests that this Court authorize and direct applicable banks and other financial institutions to receive, process, honor, and pay all pre-petition checks and transfers drawn on the Debtor's accounts and to make the foregoing payments, and (ii) seeks authority to pay all processing costs and administrative expenses related to the foregoing payments (the "Pre-petition Processing Costs"), if any.

10. The Debtor submits that any payments that will be made in connection with prepetition wages, salaries, commissions, and other compensation and benefit programs will not

3

exceed the sum of $12,475 per employee allowable as a priority claim under Bankruptcy Code sections 507(a)(4) and (5).

A.   **Summary of the Debtor's Pre-petition Employee Obligations, Wages, Salaries, and Other Compensation**

11.   As noted, payroll for the Employees totals approximately $350,000 per pay period.

12.   The Employees were last paid on March 15, 2015. Thus, the Debtor seeks approval to pay pre-petition wages for the period from March 11, 2015, until March 19, 2015, the Petition Date

B.   **Vacation, Sick, Personal Leave, and Holidays**

13.   Also by this Motion, the Debtor seeks an order authorizing it, but not directing it, to honor all liabilities to its Employees with respect to vacation, sick pay benefits, personal days, and paid holidays that arose prior to the Petition Date and to continue its pre-petition policies with respect to same going forward.

14.   The Debtor anticipates that its Employees will utilize any accrued vacation, sick leave, or personal days in the ordinary course without resulting in any material cash flow requirements beyond the Debtor's normal payroll obligations.

C.   **Workers' Compensation Obligations**

15.   The Debtor is required to maintain workers' compensation policies and programs to provide the Employees with workers' compensation coverage for claims arising from or related to their employment with the Debtor.

16.   Accordingly, the Debtor maintains workers' compensation programs pursuant to the applicable requirements of local law.

4

**D.     Payroll Taxes and Deductions**

17.    Payroll services are provided by Paychex.  Taxes are "swept" each pay period by Paychex from the Debtor's payroll account and are submitted to the appropriate governmental agencies.  Paychex is responsible for filing and making payments to the appropriate federal, state, and local taxing authorities.

18.    By way of this Motion, the Debtor seeks authority to pay any accrued and unpaid payroll taxes and continue to forward all post-petition payroll deductions to the appropriate parties.

**E.     Authority for Banks to Honor and/or Reissue Checks**

19.    The Debtor further requests that all applicable banks and other financial institutions be authorized to receive, process, honor, and pay any and all check and transfers drawn on the Debtor's dedicated payroll accounts, whether such checks were presented before, or are presented after, the Petition Date.

20.    Accordingly, the Debtor seeks (i) authorization for, and/or ratification of, its banks' honoring of pre-petition payroll checks and transfers on or after the Petition Date, (ii) authorization for the banks to process and honor all other checks issued for payments approved by this Motion, and (iii) authorization to reissue checks for payments approved by this Motion where the check therefor is dishonored post-petition.

## BASIS FOR RELIEF

21.    The Debtor seeks the relief requested in this Motion because any delay in paying the Employee-related compensation, deductions, reimbursement, benefit plans, workers compensation obligations, and/or any other payment requested herein (collectively, the "Employee Obligations") could severely disrupt the Debtor's relationship with the Employees

and irreparably impair the Employees' morale at the very time that their dedication, confidence, and cooperation are most critical.

22. Thus, the Debtor faces the risk that its operations may be severely impaired if it is not granted authority to pay the Employee Obligations. At this critical stage, the Debtor simply cannot risk the substantial disruption of its business operations that would attend any decline in workforce morale attributable to the Debtor's failure to pay the Employee Obligations in the ordinary course of its business.

23. The Debtor submits that the relief requested in this Motion is warranted under Bankruptcy Code sections 105(a), 363(b), 507(a)(4), and 507(a)(5).

24. Bankruptcy Code section 363(b)(1) provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

25. In addition, the Employee Obligations are accorded priority of payment under Bankruptcy Code section 507(a)(4), which provides priority payment for allowed unsecured claims, but only to the extent of $12,475 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for: (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the twelve months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor. 11 U.S.C. § 507(a)(4).

26. Likewise, under Bankruptcy Code section 507(a)(5), employees may ultimately be granted a priority claim for allowed unsecured claims for contributions to an employee benefit plan (A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, but only (B) for such plan, to the extent of (i) the number of employees covered by each such plan multiplied by $12,475; less (ii) the aggregate amount paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employees to any other employee benefit plan. 11 U.S.C. § 507(a)(5).

27. None of the Employees will receive payments in excess of the $12,475 limit established pursuant to Bankruptcy Code sections 507(a)(4) and (5) for accrued but unpaid Employee Obligations. The Debtor believes that the payment of the Employee Obligations is critical, especially in light of the need to maintain the morale of the Employees during the pendency of the Chapter 11 case.

28. Courts have permitted a debtor-in-possession to pay certain creditors' pre-petition claims pursuant to Bankruptcy Code section 105(a), as well as under the necessity of payment doctrine. Bankruptcy Code section 105(a) provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Therefore, the Bankruptcy Court has the power to take "whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." 2 COLLIER ON BANKRUPTCY § 105.01, at 105-3 (15th ed. 1996).

29. Furthermore, courts have frequently used their authority under Bankruptcy Code section 105(a) and the necessity of payment doctrine to authorize debtors-in-possession to pay pre-petition claims, especially prepetition wage, salary, benefit, and expense claims. See, e.g., In

re Pliant Corporation, Case No. 06-10001 (Bankr. D. Del. January 31, 2006) (MFW) (authorizing the payment of pre-petition wages, salaries, and other compensation); In re Foamex International Inc., Case No. 05-12685 (Bankr. D. Del. September 20, 2005) (PJW) (same); In re Pharmaceutical Formulations, Inc., Case No. 05-11910 (Bankr. D. Del. July 12, 2005) (MFW) (same); In re Meridian Automotive Systems -- Composites Operations, Inc., et al., Case No. 05-11168 (Bankr D. Del. May 27, 2005) (MFW) (same); In re Just For Feet, Inc., 242 B.R. 821 (D. Del. 1999) (holding that the so-called necessity of payment doctrine" justified the payment of pre-petition claims where such payment is "critical to the debtor's reorganization"); In re Eagle-Picher Indus., Inc., 124 B.R. 1021 (Bankr. S.D. Ohio 1991) (applying the doctrine of necessity); In re Ionosphere Clubs, Inc., 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (authorizing Eastern Air Lines, Inc., to pay pre-bankruptcy wages, salaries, medical benefits, and business expense claims and relying on equitable powers under 11 U.S.C. § 105(a) to effectuate a complete restructuring of debtor's finances to provide continuing jobs for its employees); see also In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981) ("if payment of a claim that arose prior to reorganization is essential to the continued operation of the [business] during reorganization, payment may be authorized even if it is made out of corpus"); In re Sharon Steel Corp., 159 B.R. 730, 736 (Bankr. W.D. Pa. 1993) (embracing the "necessity of payment doctrine").

30. Also, the "necessity of payment" doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." In re Ionosphere Clubs, Inc., 98 B.R. at 176. In Ionosphere Clubs, the court considered the retention of current employees and employee morale as critical to the debtor's rehabilitation. Id.

31.     Here, it is essential to the Debtor's ability to continue to operate its business that the Employees continue to provide services and that their morale be preserved. Therefore, the payment of the Employee Obligations falls under the "necessity of payment" doctrine first enunciated by the Supreme Court over a century ago in Miltenberger v. Logansport C & S.W.R. Co., 106 U.S. 286 (1882).  Under this doctrine, courts have the ability to permit a reorganizing debtor to make post-petition payments on pre-petition claims where payment is necessary to effectuate a successful reorganization.  See also In re Lehigh & New England Ry. Co., 657 F.2d at 581 (explaining that "the sine qua non for the application of the 'necessity of payment' doctrine is the possibility that the creditor will employ an immediate economic sanction, failing such payment").

32.     The employees are critical to the Debtor's business operations.  Should the Employee Obligations go unpaid, they will unlikely be willing to remain working for the Debtor, thereby significantly reducing the Debtor's chances of a successful reorganization.

33.     Courts have routinely granted such requests. See In re Pliant Corporation, et al., Case No. 06-10001 (MFW) (Bankr. D. Del. Jan. 4, 2006) (authorizing debtors to pay pre-petition employee wages and reimbursable expenses); In re G & G Retail, Inc., Case No. 06-10152 (RED) (S.D.N.Y. Jan. 31, 2006) (authorizing debtor to pay pre-petition obligations including wages, salaries and healthcare claims); In re Chateaugay Corp., 80 B.R. 279 (S.D.N.Y. 1987) (approving a Bankruptcy Court's order authorizing the payment of certain pre-petition wages, salaries, employment reimbursement expenses, and benefits, including payment on workers' compensation claims); In re Gulf Air, Inc., 112 B.R. 152 (Bankr. W.D. La. 1989) (authorizing payment of pre-petition employee wages and benefits, as well as health, life, and workers'

compensation insurance premiums).  In addition to payment of pre-petition wages and salaries, it is critical and necessary that the Debtor pays its payroll and other required taxes.

### NO PRIOR REQUEST

34. The Debtor has not previously sought the relief requested herein from this or any other Court.

### REQUEST FOR WAIVER OF BRIEF

35. As no novel issue of law is raised and the relevant authorities relied upon by the Debtor are set forth herein, the Debtor respectfully requests that the requirement of District of New Jersey Local Bankruptcy Rule 9013-2 concerning the filing of a brief be waived.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order (i) authorizing the Debtor, in accordance with its policies and in its sole discretion, to pay all pre-petition Employee claims for wages, salaries, contractual compensation, sick pay, personal pay, holiday pay, other accrued compensation, withholding, and payroll-related taxes for pre-petition periods; (ii) directing all banks to honor pre-petition checks for payment of pre-petition employee obligations; (iii) authorizing the Debtor to honor workers' compensation and certain employee benefit obligations; and (iv) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**TRENK, DIPASQUALE,
DELLA FERA & SODONO, P.C.**
*Proposed Counsel to NJ Healthcare Facilities Management LLC , Chapter 11 Debtor and Debtor-in-Possession*

Dated:  March 20, 2015       By:   /s/ *Anthony Sodono, III*
                                                     Anthony Sodono, III

4830-6818-9218, v. 1