**TRENK, DiPASQUALE,
DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
(973) 243-8600
Anthony Sodono, III
Shoshana Schiff
*Proposed Counsel to NJ Healthcare Facilities
Management LLC, Debtor and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NJ HEALTHCARE FACILITIES MANAGEMENT LLC a/k/a NEW JERSEY HEALTH CARE FACILITIES MANAGEMENT LLC d/b/a ADVANCED CARE CENTER AT LAKEVIEW, | Case No. 15-14871 (VFP) Honorable Vincent F. Papalia |
| Debtor. | |

**APPLICATION FOR AN ADMINISTRATIVE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING CERTAIN PROCEDURES FOR THE ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT**

TO:  THE HONORABLE VINCENT F. PAPALIA
    UNITED STATES BANKRUPTCY JUDGE

NJ Healthcare Facilities Management LLC a/k/a New Jersey Health Care Facilities Management LLC d/b/a Advanced Care Center at Lakeview, the Chapter 11 debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, Trenk, DiPasquale, Della Fera & Sodono, P.C., hereby moves pursuant to 11 U.S.C. §§ 105(a) and 331, and this Court's "General Order Adopting Guidelines Governing Procedures for Payment of Interim Compensation and Reimbursement of Expenses to Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331" (the "General Order"), for an administrative order establishing procedures for the

allowance of interim compensation and reimbursement of expenses of professionals retained by order of this Court (the "Motion"). In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the General Order.

## BACKGROUND

3. The Debtor filed its voluntary Chapter 11 petition on March 19, 2015 (the "Petition Date").

4. A history and description of the Debtor and its operations, together with the reasons for its Chapter 11 filing, are set forth in the Certification of Linda Bowersox, Debtor's Managing Member, in Support of First Day Matters, which is incorporated herein as if set forth in its entirety.

## RELIEF REQUESTED

5. By this Motion, the Debtor seeks entry of an order (the "Administrative Fee Order") pursuant to sections 105(a) and 331 of the Bankruptcy Code and the General Order, establishing a streamlined process for allowance and payment of compensation and reimbursement for attorneys and other professionals whose services are, will, or have been authorized by this Court pursuant to the Bankruptcy Code, and who will be required to file

2

applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

**Retention of Professionals**

6. This Court has not yet approved the retention of any professionals in this case[1]. However, for purposes of the Motion, any future Court approved professionals shall hereinafter be collectively referred to as the "Professionals."

7. Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one-hundred twenty (120) days or more often if this Court permits.

**Procedures Requested**

8. The Debtor requests that procedures for compensating and reimbursing the Professionals retained under section 327, and to the extent applicable, sections 328(a) and 1107 of the Bankruptcy Code, be established comparable to those approved in other large chapter 11 cases in this district and consistent with the parameters outlined in the General Order. See, e.g., In re 1995 Route 23 Assocs., Inc., Case No. 06-17474 (NLW) (Bankr. D.N.J. September 5, 2006); In re Congoleum Corporation, et al., Case No. 03-5 1524 (KCF) (Bankr. D.N.J. January 7, 2004); In re Velocita Corp., et al., Jointly Administered under Case No. 02-35895 (DHS) (Bankr. D.N.J. May 30, 2002). In those cited cases and others, the Court determined that such procedures were appropriate to avoid having professionals fund the reorganization proceeding. Such an order will permit the Court, the Office of the United States Trustee (the "U.S. Trustee"), and all other parties to effectively and currently monitor the fees and expenses incurred in this chapter 11 case.

---

[1] Counsel for the Debtor is filing its retention application simultaneously herewith.

9.   The requested procedures would require the Professionals to submit to this Court monthly fee applications pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for professional services rendered, and reimbursement of expenses incurred, during the immediately preceding month.

10.   The Debtor proposes that the payment of interim compensation and reimbursement of the Professionals' expenses be structured consistent with the General Order, which provides as follows:

### A.   Submission of Monthly Statements

11.   On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation pursuant to the Administrative Fee Order shall file with this Court and serve a monthly fee and expense statement (the "Monthly Fee Statement"), by hand, electronic or overnight delivery, or by any means directed by this Court upon the following persons (the "Notice Parties"):

   a.   the officer designated by the Debtor to be responsible for such matters;

   b.   counsel to the Debtor;

   c.   counsel to any statutory committees that may be formed;

   d.   the Office of the U.S. Trustee for Region Three, Newark, New Jersey;

   e.   counsel to all post-petition lenders, if any, or their agents;

   f.   all parties filing an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002; and

   g.   any other party the Court may so designate.

### B.   Content of Monthly Statement

12.   Each Monthly Fee Statement shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules for the United States

4

Bankruptcy Court for the District of New Jersey ("Local Rules") with the exception that provisions of D.N.J. LBR 2016-1(a)(8) (cover sheet) and (a)(9) (narrative explanation) are not required. All timekeepers must contemporaneously maintain time entries in increments of tenths (1/10th) of an hour.

### C.    Review Period

13.    Each person receiving a Monthly Fee Statement shall have twenty-one (21) days after service of the Monthly Fee Statement to review it (the "Objection Deadline").

### D.    Payment

14.    Upon the expiration of the Objection Deadline, each Professional may file and serve upon each of the parties set forth in Section A herein a certificate of no objection or a certificate of partial objection, whichever is applicable, after which the Debtor is authorized to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the Monthly Fee Statement or (ii) eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses not subject to any objection.

### E.    Objections

15.    If any party objects to a Monthly Fee Statement, it must file a written objection (the "Notice of Objection to Monthly Fee Statement") and serve it upon the Professional and each of the Notice Parties including, but not limited to, the Debtor, so that the Notice of Objection to Monthly Fee Statement is received on or before the Objection Deadline.

16.    The Notice of Objection to Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

17. If the Debtor receives an objection to a particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in percentages set forth in Section D herein.

18. If the parties to an objection are able to resolve their respective dispute(s) following the service of a Notice of Objection to Monthly Fee Statement and if the party whose Monthly Fee Statement was the subject of an objection serves upon all the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay in accordance with Section D herein that portion of the Monthly Fee Statement which is no longer subject to an objection.

19. If the parties are unable to reach a resolution of the objection within twenty-one (21) days after service of the objection, then the affected Professional may either (a) file a response to the objection with this Court together with a request for payment of the difference, if any, between the Actual Interim Payment and the non-objected to portion of the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (b) forego payment of the Incremental Amount until the next interim or final fee application or any other date and time so directed by this Court at which time it will consider and dispose of the objection, if so requested.

20. The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to this Court in accordance with the Bankruptcy Code on any ground, notwithstanding whether it was raised in the objection or not.

21. Additionally, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to this Court in accordance with the Bankruptcy Code and applicable rules.

### F. Fee Applications

22. Parties can file at four (4) month intervals or such other intervals as directed by this Court ("Interim Period") an interim fee application. Each Professional seeking approval of its interim fee application shall file with this Court and serve upon the Notice Parties an interim application for allowance of compensation and reimbursement of expenses, pursuant to section 331 of the Bankruptcy Code, of the amounts sought in the Monthly Fee Statements issued during such period (the "Interim Fee Application").

23. The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court and shall comply with the mandates of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the applicable Third Circuit law.

24. An Interim Fee Application must be filed and served within forty-five (45) days of the conclusion of the Interim Period.

25. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Administrative Fee Order until such time as the Interim Fee Application is submitted.

26. Notice of the Interim Fee Application shall be served on (a) the Notice Parties and (b) all parties that filed a notice of appearance with the Clerk of this Court pursuant to Bankruptcy Rule 2002 and requested such notice. The Notice Parties shall be entitled to receive both the Monthly Fee Statements and Interim Fee Applications as indicated above and the notice

of hearing thereon (the "Hearing Notice") and all other parties entitled to notice shall be entitled to receive only the Hearing Notice. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

27. The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

28. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

29. Each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to these guidelines, compensation for work performed and reimbursement for expenses incurred during the period of time between the commencement of the case through and including a specific date.

### G. Administrative Issues

30. Any party may object to requests for payments made pursuant to the Administrative Fee Order on the grounds that the Debtor has not timely filed monthly operating reports, remained current with its administrative expenses and/or 28 U.S.C. §1930 quarterly fees, or a manifest exigency exists, by seeking a further order of this Court.

31. Otherwise, the Administrative Fee Order shall continue and shall remain in effect during the pendency of these cases.

32. The Debtor shall include all payments to Professionals in its monthly operating reports, detailed so as to state the amount paid to the Professionals.

33. All time periods set forth in the Administrative Fee Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

34. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

### H.   Service of the Administrative Fee Order

35. The Debtor must serve a copy of the Administrative Fee Order upon all parties served with the underlying motion seeking an Administrative Fee Order; all affected Professionals; all Notice Parties; and any other party the Court shall designate.

36. The procedures suggested in this Motion will enable all parties to closely monitor the costs of administration, and allow the Debtor to maintain a level cash flow, and implement efficient cash management procedures.

37. The Debtor further requests that each member of any statutory committee of unsecured creditors (if appointed) be permitted to submit statements of expenses and supporting vouchers to counsel for the committee, who will collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals.

### NOTICE

38. No trustee, examiner, or committee of unsecured creditors been appointed in the Debtor's chapter 11 case. Notice of this Motion has been given to the Office of the United States

Trustee, the Debtor's secured lenders, the Debtor's 20 largest unsecured creditors, and any party that has requested notice herein. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

### **WAIVER OF BRIEF**

39. As no novel issue of law is raised, and the relevant authorities relied upon by the Debtor are set forth herein, the Debtor respectfully requests that the requirement of D.N.J. LBR 9013-2 of filing a brief be waived.

**WHEREFORE**, the Debtor respectfully requests the entry of an order granting the relief requested herein, and granting the Debtor such other and further relief as is just and proper.

    Respectfully submitted,

**TRENK, DIPASQUALE,
DELLA FERA & SODONO, P.C.**
*Proposed Counsel to NJ Healthcare Facilities Management LLC, Debtor and Debtor-in-Possession*

By:   /s/ *Anthony Sodono, III*
      Anthony Sodono, III

Dated: March 20, 2015

4819-8251-9842, v. 1